UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| LIBERTARIAN NATIONAL ) | |
| COMMITTEE, INC., et al., ) | |
| ) | Civil No.: 3:14-cv-00063-GFVT |
| Plaintiffs, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| DR. TERRY HOLIDAY, et al., ) | **ORDER** |
| ) | |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Motion to Reconsider the Defendants' Motion to Dismiss and/or in the alternative to amend their Complaint. [R. 82.] Defendants also filed a motion for extension of time to file said motion. [R. 83.] For the reasons stated below, Defendants' Motion is **DENIED**.

**I**

In October 2014, Kentucky Educational Television ("KET") hosted the only statewide, televised debate between the two major party candidates for Kentucky's United States Senate seat: Mitch McConnell, a Republican, and Alison Lundergan Grimes, a Democrat. Two weeks before the debate, Plaintiffs Libertarian National Committee, Inc., the Libertarian Party of Kentucky, and David Patterson—then a senatorial candidate representing the Libertarian Party— asked the Court to issue a preliminary injunction requiring KET to include Patterson in the broadcast, insisting that his exclusion would "deprive Plaintiffs of their First Amendment rights." [R. 4-6 at 9.] In particular, the Plaintiffs alleged that KET's decision to exclude Patterson demonstrated "a clear viewpoint based discriminatory intent." [R. 4-6 at 6.] On October 11,

2014, following an extensive evidentiary hearing, this Court denied the Plaintiffs' motion. [R. 28.]  Upon thorough review of the record, the Court concluded that "KET's actions and discussions were aimed at excluding non-serious candidates, not viewpoints," and thus the network's decision to exclude Patterson landed squarely "within the bounds of the First Amendment." [*Id*. at 16.]

In July 2015, the Plaintiffs filed a second suit arising out of the same controversy, but this time they chose a somewhat different tack—in addition to suing KET's employees in their official capacities, the Plaintiffs also advanced "individual money damage claims" against KET employees pursuant to 42 U.S.C. § 1983.  [R. 44 at 2.]  The Court subsequently consolidated that new suit with the old one, and all of the claims against the Defendants—in both their official and individual capacities—were incorporated into the Plaintiffs' amended complaint.  [R. 41.]

The Defendants thereafter filed the present Motion for Partial Dismissal on the Pleadings. [R. 42-1 at 2.]  In it, they asked the Court "to dismiss the new defendants and amended claims and finally adjudicate this case's original, and remaining, pretext and procedural due process claims against the official-capacity defendants." [*Id*. at 26.]  Specifically, the Defendants sought dismissal of the Plaintiffs' (1) new claims against five of the Defendants in their individual capacities, (2) allegation that "KET's $100,000 contribution criteria was *ipso facto* unconstitutional," (3) claim that the Defendants' August 15, 2014 deadline for meeting the debate invitation criteria violated Patterson's constitutional rights, and (4) argument that KET's invitation criteria violated the Equal Protection Clause.  [*Id.* at 26-27.]

This Court granted partial dismissal on February 5, 2016, granting Defendants' motion to dismiss the Plaintiffs' claims against Defendant Bill Goodman in his individual capacity; denying Defendants' motion to dismiss the Plaintiffs' claims against Defendants Hopkins, Clark,

Bischoff, and Brower in their individual capacities; and granting summary judgment in favor of the Defendants with respect to the Plaintiffs' claims regarding (1) the $100,000 invitation criteria, (2) the August 15, 2014 filing deadline, and (3) alleged violations of the Equal Protection Clause. [R. 47 at 22.] Discovery was opened up in the limited capacity of deposing Defendants Shae Hopkins, Deidra Clark, Timothy Bischoff, and Mike Brower. [*See id*.]

As the parties note, there has never been a formal scheduling order entered in this case. However, multiple orders throughout the record demonstrate parties knew what deadlines existed. The Magistrate Judge extended discovery deadline until "August 30, 2016, only for the purpose of taking the depositions at issue, and allowing appropriate supplementation of discovery as required by the Federal Rules of Civil Procedure." [R. 63 at 2.] After an extension, the deadline for dispositive motions related to only liability and qualified immunity was extended to October 14, 2016. [R. 63 at 2.] The parties stipulated that discovery would only be on those two limited issues. [*See* R. 52.]

On October 14, 2016, Defendants filed a Motion for Summary Judgment. [R. 73.] On the same day, Plaintiffs filed a Motion to Reconsider the Defendants' Motion to Dismiss and/or in the alternative to amend their Complaint and a Motion for an Extension of Time on October 27, 2016. [R. 83.]

## II

### A

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision

broadly and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake*, Inc., 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

However, when leave to file an amended complaint is filed after the deadline in the scheduling order, Federal Rule of Civil Procedure 16 provides an additional—and more stringent—threshold requirement. "When [a] motion to amend is filed after the scheduling order's deadline, . . . a demonstration of good cause under Rule 16(b) is required before a court may consider if an amendment is proper under Rule 15(a)." *Birchwood Conservancy*, 302 F.R.D. at 424 (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Leary*, 349 F.3d at 906); *see also, Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005). According to Rule 16, the primary measurement of "good cause" "is the movant's diligence in attempting to meet the case management order's requirements." *Birchwood Conservancy*, 302 F.R.D. at 427 (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)); *see also Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) Under Rule 16, a court is also to consider "possible prejudice to the party opposing the modification." *Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 5497967, at *1 (E.D. Ky. Nov. 13, 2012) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Though no scheduling order was issued in this case due to its unique procedural posture and the necessity to hold hearings for the temporary restraining order request, parties agreed to certain deadlines around discovery pertaining to two limited issues, qualified immunity and

liability following this Court's order on partial dismissal. [R. 72 at 1.] Since discovery was opened up for a very brief set of issues, this Court will analyze Plaintiff's request to amend their complaint according to FRCP Rule 16, requiring good cause for amending a complaint. This Court can find no good cause for Plaintiff's failure to amend their complaint two years after they brought their initial complaint and one year after their construed amended complaint. [R. 1; R. 41.] This case has been litigated since September 2014. Two years, a temporary restraining order hearing [R. 29], a consolidation of two cases that led to an amended complaint [R. 41], a motion for partial dismissal [R. 42], a motion for summary judgment [R. 73], and the deadline for filing motions related to only qualified immunity or liability have all passed and Plaintiffs only now bring this motion to amend their complaint. Plaintiffs have shown no good cause and their request to amend should be denied. However, even if the good cause standard was met, this Court finds that Defendants would suffer significant prejudice if this Court were to allow Plaintiffs to amend their complaint this late in litigation. Plaintiffs' attempt to reopen several claims that were denied by this Court and Defendants would have to essentially start this two year litigation process from day one, causing significant prejudice to them. Accordingly, Plaintiff's Motion to Amend their Complaint is denied.

B

In addition or in the alternative, Plaintiffs also request that this Court reconsider its Opinion partially dismissing Plaintiff's claims. [R. 82.] Because Plaintiffs do not provide evidence that reconsideration is needed, this Court denies Plaintiff's motion for reconsideration.

"District courts have authority under both common law and Rule 54(b) to consider Motions for Reconsideration on non-final orders before entry of judgment." *Clemons v. Norton Healthcare, Inc. Ret. Plan,* No. 3:08–CV–00069–TBR, 2013 WL 5437646, at *2 (W.D.Ky. Sept.

27, 2013) (citing *Lellanau Wine Cellars Ltd. v. Black & Red, Inc*., 118 Fed.Appx. 942, 946 (6th Cir. 2004) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." (internal quotation marks and citations omitted)); *Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed.Appx. 949, 959 (6th Cir. 2004)). A court may reconsider its prior, non-final order "whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't* v. Hotels.com, *L.P.,* 590 F.3d 381, 389 (6th Cir. 2009) (internal quotation marks omitted) (quoting *Rodriguez,* 89 Fed.Appx. at 959). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Smith v. Mt. Pleasant Pub. Schs .,* 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir.1998)); *see, e.g., Prater v. Con–Rail,* 272 F.Supp.2d 706, 710 (N.D.Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so).

The Plaintiffs allege that there are new facts that justify reconsideration of this Court's previous order. [R. 82-1 at 3.] Plaintiffs blanketly point to whole depositions in the record at R. 75; 76; 77; 78, 79, 80, 81. [*Id*.] This Court is not required to dig through seven (7) lengthy depositions to try to determine what new facts the Libertarians are claiming require reconsideration. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 600 Fed.Appx. 393, 403 (6th Cir. 2015) ("'Judges are not like pigs, hunting for truffles' that might be buried in the record.") (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Instead, this Court will only consider those sections of the record that the Libertarians did pincite.

Plaintiffs cite R. 76 at 208-209, stating, "Brower testified about why, in fact, they changed the criteria – to screen out additional candidates, such as Shawna Sterling." [R. 82-1 at 6.] Plaintiffs also cite to R. 76 at 88-95; R. 75 at 106; and R. 76 at 208-209, citing the same facts. However, Plaintiffs already knew that this was the intention of the screening mechanism used by KET and cited this in their Complaint. [R. 1-11 at 1.] This is not new evidence that requires reconsideration.

Plaintiffs also cite R. 75 at 257-253 [sic] and Exhibit 116, stating that "Goodman testified that Patterson was not going to be included for the October 13, 2014 program, but, perhaps if he met the criteria, he might be invited to some other program." [R. 82-1 at 7.] This Court has assumed Plaintiffs meant to pincite pages 253-257 and has read those pages in the cited deposition. The Court reads Goodman's testimony differently than the Libertarians. The exhibit cited does state the Mr. Goodman wrote something roughly equivalent to what Plaintiffs have stated. [R. 75-116 at 1.] In either case, however, this is not new information the Court must consider, as it's not relevant to this claim. What additional programs Patterson may or may not have been invited to is not relevant. What matters is what this Court and all parties are well aware of -- Mr. Patterson was not invited to the October 13, 2014, debate.

As there has not been an intervening change of controlling law, no new evidence, and there is no need to correct a clear error or prevent manifest injustice, it is not necessary to reconsider this Court's order. [R. 47.] Plaintiff's Motion for Reconsideration is denied. [R. 82.]

### III

This Court has analyzed the record and all briefing. The Libertarians do not demonstrate good cause for their delay in filing their amended complaint and have provided no reason to reconsider this Court's prior order. Accordingly,

1.	Plaintiff's Motion to Amend their Complaint or for Reconsideration of this Court's Order is **DENIED** [R. 82]; and

2.	Plaintiff's Motion for Extension of Time [R. 83] and Proposed Agreed Order [R. 70] are **DENIED** as **MOOT**.

This the 11th day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge